IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE,                    )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )      Civil Action No. 26-07-JLH-CJB
                                        )
CAPTAIN JOSEPH H. BELANGER,             )
MAJOR CHARLES CUNNINGHAM,               )
DELAWARE DEPARTMENT OF                  )
CORRECTIONS, STUART DROWOS,             )
DELAWARE ATTORNEY GENERAL'S             )
OFFICE,                                 )
DETECTIVE MATTHEW DONOVAN,              )
and WILMINGTON POLICE                   )
DEPARTMENT,                             )
                                        )
        Defendants.                     )

## REPORT AND RECOMMENDATION

Plaintiff  Kevin C. Brathwaite ("Plaintiff"), an inmate at State Correctional Institution

("SCI") Greene in Pennsylvania, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section

1983").  (D.I. 1)  Plaintiff appears *pro se* and has paid the filing fee.  (D.I. 5)  The Court

proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A(a).  (D.I. 10)  Plaintiff has also

filed a "Motion to Be Exempt From the Statute of Limitations" (hereafter, "Motion").  (D.I. 3)

For the reasons set forth below, the Court recommends that the Complaint be dismissed

with prejudice and that the Motion be denied.

## I.    BACKGROUND

In this case, Plaintiff asserts Section 1983 claims against Defendants Captain Joseph H.

Belanger ("Captain Belanger"), Major Charles Cunningham ("Major Cunningham"), the

Delaware Department of Corrections ("DDOC"), the Delaware Attorney General's Office

("DAGO"), Stuart Drowos ("Drowos"), a Deputy Attorney General ("DAG") in that office,

Detective Matthew Donovan ("Detective Donovan") of the Wilmington Police Department ("WPD") and the WPD (collectively, "Defendants").  (D.I. 1 at 2-3)  The claims relate to conduct occurring either prior to Plaintiff's criminal trial in the Delaware Superior Court (which occurred in August 1998), or to Plaintiff's preparation and presentation for a later evidentiary hearing (which was held in 2001 and 2002).  (*Id*. at ¶¶ 5, 10-13, 15)

The Complaint alleges that Detective Donovan took statements from a critical witness in 1996, after Plaintiff's arrest.  (*Id.* at 4 & ¶ 2)  The arrest stemmed from charges that Plaintiff had assaulted three separate women.  *See Brathwaite v. Phelps*, Civ.A. No. 06-472-GMS, 2009 WL 3345595 at *1 (D. Del. Oct. 16, 2009).  Plaintiff asserts that Detective Donovan later failed to turn the statements over to his trial attorney prior to his 1998 trial.  (D.I. 1 at 4 & ¶ 2)

Plaintiff was ultimately convicted after trial of six counts of first degree unlawful sexual intercourse, two counts of second degree unlawful sexual intercourse, seven counts of third degree unlawful sexual intercourse, one count of third degree unlawful sextual penetration, two counts of third degree assault and one count of aggravated act of intimidation.  *See Brathwaite*, 2009 WL 3345595 at *1.  Plaintiff was sentenced in the Superior Court to several consecutive life sentences.  *Id.*  In 1999, Plaintiff filed a motion for a new trial.  *Id.*

The remainder of the allegations relate to Plaintiff's post-trial evidentiary hearing, which was scheduled in light of Plaintiff's motion for a new trial.  *Id*. at *15.  That hearing was originally set for November 2, 2001; at the time, Plaintiff was housed at the James T. Vaughan Correctional Center in Smyrna, Delaware.  (D.I. 1 at ¶¶ 10, 13; *id*., ex. G)  Plaintiff alleges that a few months prior to the November 2001 hearing date, Captain Belanger came into his cell and confiscated evidence, including photographs and letters, which "would have absolutely cleared [Plaintiff] of the [] charges [he is] currently serving time for."  (*Id.* at 3 & ¶¶ 10-13, 18; *id*., ex. F)

Plaintiff contends that Captain Belanger then turned the stolen evidence over to defendant DAG Drowos, who thereafter lost or misplaced that evidence. (*Id.* at 3 & ¶ 19)

The November 2001 evidentiary hearing was held but not completed; it was eventually re-scheduled to continue in May 2002. (*Id.* at ¶ 15; *id.*, ex. G); *Brathwaite*, 2009 WL 3345595 at *15. Plaintiff alleges that while he was on his way to Court for that May 2002 hearing, Major Cunningham illegally confiscated all of the paperwork that Plaintiff had with him. (D.I. 1 at 3-4 & ¶ 15).

The Superior Court later denied Plaintiff's motion for a new trial, and Plaintiff's conviction and sentences were eventually upheld by the Delaware Supreme Court. *Brathwaite*, 2009 WL 3345595 at *1, *15.

In the Complaint, Plaintiff states that with this Section 1983 action, he is alleging that all Defendants "violated [his] Constitutional Rights . . . by denying him access to the Courts, Governmental Interference, Conspiracy to Obstruct Justice, Tampering with evidence, withholding evidence, Failure to answer to a Subpoena and Perjury." (D.I. 1 at 1) All Defendants have been sued in their individual and official capacities. (*Id.*) Plaintiff seeks five million dollars in compensatory damages and 10 million dollars in punitive damages, per Defendant. (*Id.* at 4)

## II.   STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated in part on other grounds by Coleman v.*

*Tollefson*, 575 U.S. 532 (2015); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees).  The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario."  *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.

*See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show[]" entitlement to relief.  *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).  Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

## III.    DISCUSSION

Below, the Court addresses multiple reasons why Plaintiff's Section 1983 claims against the various Defendants cannot survive (and, in doing so, takes up Plaintiff's Motion as well).

### A.    Habeas Corpus

It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a Section 1983 action.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Furthermore, any Section 1983 claim that, if successful, would necessarily demonstrate the invalidity of Plaintiff's conviction is also not cognizable under the Supreme Court of the United States' decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), unless and until the conviction has been invalidated.  *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *see generally Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

(holding that, where success in a Section 1983 action would imply the invalidity of a conviction or sentence, then a suit for damages or equitable relief is barred, unless the plaintiff can demonstrate that his conviction or sentence has been invalidated).  In sum, "a state prisoner's [Section] 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, all of Plaintiff's claims against the Defendants relate to assertions that certain Defendants either stole, lost, or failed to produce exculpatory evidence relating to Plaintiff's trial and postconviction hearing—and that had Defendants not done so, the result of the trial/hearing would have been different.  (D.I. 1)  Yet Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated (as is required in this circumstance by *Heck* and its progeny).  Indeed, the exhibits to Plaintiff's Complaint indicate that Plaintiff has unsuccessfully sought to overturn his conviction on multiple occasions by utilizing some of the same allegations and evidence that he puts at issue here.  (*See* D.I. 1, ex. G (portion of the transcript of the November 2, 2001 Superior Court evidentiary hearing); *id*., ex N (a December 14, 2002 letter from Plaintiff's trial counsel in support of Plaintiff's Motion for Post Conviction Relief))[1]  Therefore, the Court will recommend dismissal of Plaintiff's claims on this basis.

---

[1]    The Court also takes judicial notice that, as part of a petition filed in this Court pursuant to 28 U.S.C. § 2254, Plaintiff unsuccessfully raised a claim to the effect that "the Superior Court violated his due process rights during the May 2002 evidentiary hearing by discounting exculpatory and 'newly discovered evidence,' namely a letter and picture he received from one of [his] rape victims and her sister after trial." *See Brathwaite v. Phelps*, Civ.A. No. 06-472-GMS, 2009 WL 3345595 at *15-16 (D. Del. Oct. 16, 2009).  This evidence is

### B.      Statute of Limitations

Although the statute of limitations is an affirmative defense, "*sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'"  *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*quoting Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).  Accordingly, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  (*Id.*)

Claims brought under Section 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought.  *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006).  In Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued.  *See* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017).  Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Smith*, 236 F. Supp. 3d at 888.

Here, Plaintiff's claims as alleged against Captain Bellenger, Major Cunningham, Drowos, and Detective Donovan, all occurred and accrued prior to the May 21, 2002 evidentiary hearing.  As of that time period, Plaintiff states that he knew about the actions these Defendants had taken (or had failed to take) that allegedly caused him injury.  (D.I. 1)  Thus, it is apparent from the face of the Complaint that the two-year statute of limitations expired as to these claims long before Plaintiff filed the instant suit in January 2026.  (D.I. 1)  As such, Plaintiff's Section

---

some of the same evidence that Plaintiff here alleges was confiscated by Captain Belanger.  (D.I. 1 at ¶¶ 7-8 & ex. E)

1983 claims are untimely and the Complaint should be dismissed on this ground as well. *See Woody v. New Castle Police Dep't,* C.A. No. 21-1812 (MN), 2022 WL 1202592, at *2-3 (D. Del. Apr. 22, 2022).

### C.      Equitable Tolling

As noted above, Plaintiff filed the Motion, (D.I. 3), which the Court construes as a request that the applicable statute of limitations be tolled pursuant to the equitable tolling theory. Generally, the tolling rules in Section 1983 actions are taken from the rules of the forum state, unless they conflict with federal law or policy. *See* 42 U.S.C. § 1988; *Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under Delaware law, equitable tolling occurs when the plaintiff can show that he was ignorant of the wrong due to the defendant's fraud or fraudulent concealment, or some other circumstance justifying why plaintiff did not have reason to know of the facts constituting the alleged wrong. *Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 760 n.3 (D. Del. 2007) (citing *Kahn v. Seaboard Corp.*, 625 A.2d 269, 276 (Del. Ch. 1993)). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000); *see also Davis*, 480 F. Supp. 2d at 760 n.3.

The Motion does not support a finding of equitable tolling. It is apparent from the face of the Complaint (as noted above) that Plaintiff was aware of the alleged wrongs committed by Defendants, at or around the time they were committed in 2001 and 2002. Hence, Plaintiff's only possible avenue for equitable tolling is to set out facts in his Motion demonstrating that he was prevented from filing his claim due to extraordinary circumstances.

Plaintiff does not accomplish this.  In the Motion itself, Plaintiff states only that Defendants "continuously interfered with [his] numerous attempts to file this Complaint[.]" (D.I. 3)  Plaintiff also attaches to the Motion certain exhibits, as well as a five-page affidavit. (D.I. 3; D.I. 3-1; D.I. 3-2)  But in the affidavit, when setting out his reasons for the delay in filing this suit, Plaintiff cites only to the fact that he repeatedly lost his legal materials over the years due to various prison transfers or due to other circumstances beyond his control.  That said, Plaintiff's proffered explanations simply do not explain why he could not have raised these claims at *some* far earlier point during the over *23-year period* between when the alleged acts occurred and when the instant suit was filed.  *See Howard v. Snyder*, No. Civ.A.01–376-SLR, 2002 WL 450082 at *3 (D. Del. March 12, 2002) (concluding, during a screening review, that the plaintiff's claims were time barred, as the statute of limitations on his claims began to run in April 1999, when certain of his legal materials at issue were confiscated, and where he did not file his claims until June 2001).

Therefore, the Court recommends that Plaintiff's Motion be denied (and that equitable tolling not be found to be a basis to avoid dismissal on statute-of-limitations grounds).

### D.      Other Defendants

The Court now specifically addresses the remaining institutional Defendants.

As an initial matter, the Complaint contains no allegations against the DAGO, the WPD or the DDOC.  This alone is a basis to recommend dismissal of those entities.

Moreover, the DAGO falls under the umbrella of the Delaware Department of Justice ("DDOJ").  *See Whitfield v. Wilmington Police Dep't*, Civ.A.No. 06-541-GMS, 2006 WL 3827449, at *1 (D. Del. Nov. 16, 2006).  And the DDOJ, as well as the DDOC, are both agencies of the State of Delaware.  *Id*. (regarding the DDOJ); *see also Parker v. May*, Civ.A.No. 22-1317-

RGA, 2022 WL 17819653, at *2 (D. Del. Dec. 20, 2022) (regarding the DDOC).  The Eleventh

Amendment to the United States Constitution proscribes any suit against a state, or against a

state agency or department or state official where "the state is the real, substantial party in

interest[,]" unless the state consents to suit.  *Pennhurst State School & Hosp. v. Halderman,* 465

U.S. 89, 101 (1984); *see MCI Telecom. Corp v. Bell Atl.-Penn.*, 271 F.3d 491, 503 (3d Cir. 2001)

(states are generally immune from private suits in federal court).  Here, because the DDOJ and

the DDOC are duly constituted state agencies whose Eleventh Amendment immunity has not

been waived, they are immune from suit.  *See Parker*, 2022 WL 17819653, at *2; *Whitfield*,

2006 WL 3827449, at *1.

Moreover, Plaintiff cannot state a Section 1983 claim against a municipal entity such as

the WPD, absent any allegation that a custom or policy established by WPD directly caused

harm to Plaintiff.  *See Newman v. Purzycki*, Civ.A.No. 22-167-RGA, 2022 WL 1265514, at *3

(D. Del. Apr. 28, 2022) (dismissing claims against the WPD on this basis).  There is no such

allegation here.

Finally, any claims against these institutional Defendants would be dismissed for the

same reasons as articulated above as to the individual Defendants.

IV.    **CONCLUSION**

For the reasons set out above, the Court recommends that the Motion be denied.  It also

recommends that the Complaint be dismissed with prejudice pursuant to 28 U.S.C. §

1915A(b)(1), since amendment would be futile.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  Parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  July 14, 2026

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE